**HOTEL AND RESTAURANT UNION LOCAL 878, Appellant,**

v.

**ALASKA STATE COMMISSION FOR HUMAN RIGHTS, Appellee.**

**No. 4248.**

Supreme Court of Alaska.

May 25, 1979.

Charles A. Dunnagan of Jermain, Dunnagan & Owens, Anchorage, for appellant.

Carolyn E. Jones, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., CONNOR and MATTHEWS, JJ., DIMOND, S. J., and SOUTER, Superior Court Judge.

DIMOND, Senior Justice.

A complaint alleging discrimination in employment was filed with the Alaska State Commission for Human Rights.[1] In reviewing the complaint, a Commission investigator received information from the plaintiff, Lucenna Henderson, and from the respondent, Hotel and Restaurant Union Local 878, in support of their respective positions. The investigator called a resolution conference where both parties were represented by counsel. The investigator found that there was no substantial evidence to conclude that discrimination had occurred, and he ordered the case closed.

The Union moved for an award of costs and attorney's fees. The executive director of the Commission denied the motion, and also denied a Commission hearing on the motion. The basis for his action was that the Commission has no authority to award costs and attorney's fees to a respondent, such as the Union, who prevails during the investigation stage of the Commission's proceedings. The Union appealed this ruling to the superior court. The court affirmed the executive director's ruling, holding that the statutory authority for the award of costs and attorney's fees comes into play only after a hearing by the Commission itself, as distinguished from an investigation by the executive director and his staff.[2]

AS 18.80.120, entitled "Hearing," provides for a hearing before the Commission if informal efforts by the executive director to eliminate alleged discrimination are unsuccessful.[3] The next section of the stat-

---

1. Lucenna Henderson, a 63-year-old black female, filed a complaint with the Commission alleging that the Hotel and Restaurant Union Local 878 had refused to dispatch her as a bull cook to the pipeline because of her sex, age and race. A few days later, Ms. Henderson filed an amended complaint alleging systematic discriminatory practices by the Union against chicanos, orientals, blacks, women and Alaska natives.

2. With respect to the authority of the executive director, AS 18.80.110 provides:

   The executive director or a member of the commission's staff designated by the executive director shall informally investigate the matters set out in a filed complaint, promptly and impartially. If the investigator determines that the allegations are supported by substantial evidence, he shall immediately try to eliminate the discrimination complained of, by conference, conciliation, and persuasion.

   By implication, we believe, this statute gives the executive director authority to dismiss complaints which are insufficient on their face.

3. AS 18.80.120 provides:

   *Hearing.* If the informal efforts to eliminate the alleged discrimination are unsuccessful, the executive director shall inform the commission of the failure, and the commission shall serve written notice together with a copy of the complaint, requiring the person, employer, labor organization or employment agency, charged in the complaint to answer the allegations of the complaint at a hearing before the commission. The hearing shall be held by the commission at the place where the unlawful conduct is alleged to have occurred unless the person, employer, labor organization or employment agency requests a change of venue for good cause shown. The case in support of the complaint shall be presented before the commission by the executive director or his designee who shall be a bona fide resident of the state.

ute, AS 18.80.130, is entitled "Order." It provides, in relevant part, as follows:

(a) At the completion of the hearing, if the commission finds that a person against whom a complaint was filed has engaged in the discriminatory conduct alleged in the complaint, it shall order him to refrain from engaging in the discriminatory conduct. The order shall include findings of fact, and may prescribe conditions on the accused's future conduct relevant to the type of discrimination. . .

.    .    .    .    .

(b) The order may require a report on the manner of compliance.

(c) If the commission finds that a person against whom a complaint was filed has not engaged in the discriminatory conduct alleged in the complaint, it shall issue and cause to be served on the complainant an order dismissing the complaint.

(d) A copy of the order shall be filed in all cases with the attorney general of Alaska.

(e) The commission may order payment of reasonable expenses, including reasonable attorney fees to any private party before the commission when the commission, in its discretion, determines the allowance is appropriate.

▮ Subsection (a) is prefaced by the words "[a]t the completion of the hearing," whereas the other subsections are not. But that is of little significance. The words "[a]t the completion of the hearing" can be logically construed as modifying each of the following subsections after (a) of section 130 of the Act. It would amount to an unnecessary repetition of words to preface each subsection by "[a]t the completion of the hearing," for it is obvious that the subsections following (a) are written in such a

way that the issuance of the various orders referred to in each subsection would logically follow the conclusion of a Commission hearing. The natural sequence of section 130, entitled "Order," following section 120, entitled "Hearing," and the use of the word "order" in each of the subsections of section 130, indicate quite clearly that all of the "orders" referred to in section 130 are those issued by the Commission at the completion of the hearing, and not at the completion of some action by the executive director in the absence of a Commission hearing.

The Union argues that to construe the statute as permitting the discretionary award of attorney's fees and costs by the Commission only following a hearing by the Commission creates a mechanism of societal harassment. It is the Union's position that under this interpretation of the law, unscrupulous complainants run no risk, that the Commission is and will be inundated with complaints that should never have been brought, and that the cause of human rights suffers because the Commission does not award costs and attorney's fees prior to a hearing—i. e., at the conclusion of the investigation stage—and thus fails to exercise the power to discourage improper complaints.

On the other hand, the Commission argues that if the law is construed as the Union would have it, this will deter many bona fide complainants from pursuing a determination of their rights and remedies under the Act and will permit discriminatory practices in Alaska to continue unabated. Such a situation, the Commission argues, will negate the broad purposes of the legislation, which are to promote the health, safety and general welfare of the inhabitants of the state by eliminating discrimina-

The person charged in the complaint may file a written answer to the complaint and may appear at the hearing in person or otherwise, with or without counsel, and submit testimony. The executive director has the power reasonably and fairly to amend the complaint, and the person charged has the power reasonably and fairly to amend his answer. The commission is not bound by the strict rules of evidence prevailing in courts of law or equity. The testimony taken at the hearing shall be under oath and shall be transcribed at the request of any party to the hearing.

tion against persons because of race, religion, color, national origin, age or sex.[4]

It is not within our province to attempt to balance the competing interests by way of judicial construction of the language of the statute. The legislature, in plain English words, has provided that the Commission has the discretionary authority to award costs and attorney's fees only after a hearing, and not at the investigative stage of a proceeding which precedes a hearing. It is not for the judiciary to say whether the legislature has acted wisely or unwisely.

If costs and attorney's fees are also to be awarded at the Commission's discretion prior to a hearing, where it is determined that a complaint is frivolous or otherwise lacking in merit, it is solely a legislative function to make such a determination.

The judgment of the superior court is affirmed.

4. AS 18.80.200 provides:

*Purpose.* (a) It is determined and declared as a matter of legislative finding that discrimination against an inhabitant of the state because of race, religion, color, national origin, age, sex, marital status, changes in marital status, pregnancy or parenthood is a matter of public concern and that such discrimination not only threatens the rights and privileges of the inhabitants of the state but also menaces the institutions of the state and threatens peace, order, health, safety and general welfare of the state and its inhabitants.

(b) Therefore, it is the policy of the state and the purpose of this chapter to eliminate and prevent discrimination in employment, in credit and financing practices, in places of public accommodation, in the sale, lease, or rental of real property because of race, religion, color, national origin, sex, age, marital status, changes in marital status, pregnancy or parenthood. It is not the purpose of this chapter to supersede laws pertaining to child labor, the age of majority or other age restrictions or requirements.