*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ACE DELIVERY & MOVING, INC., | ) ) | Supreme Court No. S-15594 |
| | ) | |
| Appellant, | ) | Superior Court No. 3AN-14-04688 CI |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| STATE OF ALASKA, ALASKA STATE COMMISSION FOR HUMAN RIGHTS, PAULA M. HALEY, EXECUTIVE DIRECTOR, ex rel. Janet Wass, | ) ) ) ) ) ) | No. 7007 – May 15, 2015 |
| | ) | |
| Appellees. | ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: LeRoy E. DeVeaux, DeVeaux and Associates, APC, Anchorage, for Appellant. William E. Milks, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellees.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.      INTRODUCTION

The executive director of the Alaska State Commission for Human Rights brought an action on behalf of an employee who alleged that her employer's racist and

insensitive remarks created a hostile work environment. The Commission ultimately found that the employee did not suffer a hostile work environment, but it denied the employer's request for attorney's fees. The employer now appeals on the single issue of attorney's fees, arguing that it was entitled to fees as the prevailing party and because it raised affirmative defenses under the Alaska and United States Constitutions. We affirm the Commission's denial of attorney's fees.

## II.     FACTS AND PROCEEDINGS

Ace Delivery & Moving, Inc. (Ace) hired Janet Wass on a temporary basis to perform data entry. Wass resigned on her third day and later filed a complaint with the Alaska State Commission for Human Rights, alleging that Ace's owner, Hank Schaub, made disparaging comments in her presence about various racial, ethnic, and religious groups. The executive director of the Commission issued a single-count accusation alleging that Ace "created a hostile working environment based on the owner's severe and pervasive derogatory comments and postings regarding race, national origin, and religion" — directed at Jews, Arabs, Muslims, and Mexicans — in violation of AS 18.80.220(a)(1).[1] The accusation sought various forms of injunctive relief, including that Ace be required to adopt a nondiscrimination policy and that its "owner, manager, and supervisors" receive training in Alaska human rights law.

Ace asserted affirmative defenses in response, including that Schaub's comments were protected by the free speech guarantees of article I, section 5 of the

---

[1]     AS 18.80.220(a)(1) provides, in relevant part, that "it is unlawful for . . . an employer . . . to discriminate against a person . . . in a term, condition, or privilege of employment because of the person's race, religion, color, or national origin." We have recognized "that discriminatory behavior sufficiently severe or pervasive to alter the conditions of the victim's employment and to create a discriminatory hostile work environment violates AS 18.80.220." *French v. Jadon, Inc.*, 911 P.2d 20, 28 (Alaska 1996).

Alaska Constitution[2] and the First Amendment to the United States Constitution.[3] Ace also argued that because the accusation violated Schaub's constitutional right to free speech, Ace was entitled to attorney's fees under federal law.

The matter was assigned to an administrative law judge with the Office of Administrative Hearings. In an order denying summary judgment to Ace, the administrative law judge rejected Ace's argument that Schaub's speech was constitutionally protected. Citing federal cases, the administrative law judge observed that "[s]peech in the work place that creates a hostile work environment is not protected speech."[4]

An evidentiary hearing followed, after which the administrative law judge found that Ace had not subjected Wass to a hostile work environment. The administrative law judge noted that Wass did not belong to any of the groups Schaub had allegedly disparaged (though her daughter and ex-husband were both Jewish) and the evidence did

---

[2]     Article I, section 5 of the Alaska Constitution provides: "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

[3]     The First Amendment to the United States Constitution provides, in relevant part: "Congress shall make no law . . . abridging the freedom of speech."

[4]     The administrative law judge cited *Robinson v. Jacksonville Shipyards, Inc.*, 760 F. Supp. 1486, 1535-36 (M.D. Fla. 1991), which held that "the pictures and verbal harassment" at issue in that case were "not protected speech because they act as discriminatory conduct in the form of a hostile work environment," and that "the regulation of discriminatory speech in the workplace" was constitutionally permissible as "nothing more than a time, place, and manner regulation of speech." *See also Roberts v. U. S. Jaycees*, 468 U.S. 609, 628 (1984) ("[P]otentially expressive activities that produce special harms distinct from their communicative impact . . . are entitled to no constitutional protection.").

not establish that Ace took any action against Wass based on her own religion or national origin. The Commission adopted the administrative law judge's decision.

Ace moved for an award of nearly $60,000 in attorney's fees and costs.[5] The administrative law judge denied Ace's motion. He relied on AS 18.80.130(e), which allows an award of attorney's fees in the Commission's discretion, and on a regulation adopted under that statute, 6 Alaska Administrative Code (AAC) 30.492 (2014).[6] The administrative law judge reasoned that by adopting the regulation the Commission had exercised its statutory grant of discretion to limit attorney's fees awards in Commission proceedings to certain categories of cases, and that Ace's case did not qualify. The administrative law judge rejected Ace's reliance on 42 U.S.C. § 1988,[7] AS 09.60.010,[8]

---

[5] In the agency proceeding, Ace appears to have sought an award of fees against both the Commission and Wass. In the superior court and in this appeal, Ace modifies its demand to "full reasonable attorney's fees against the Commission and [its] Executive Director." This difference is not important to our analysis of the issues.

[6] The regulation provides, in pertinent part:

> An award of attorney's fees and costs will be made against a complainant upon a showing that he or she pursued an action not authorized by the executive director that was frivolous, unreasonable, or groundless, or that an action authorized by the executive director was based upon information furnished in bad faith by complainant.

6 AAC 30.492(b).

[7] 42 U.S.C. § 1988(b) (2012) provides in relevant part that "[i]n any action or proceeding to enforce a provision of [certain federal civil rights laws], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[8] AS 09.60.010(c) allows a court to award "full reasonable attorney fees and costs" to a claimant who prevails in asserting a constitutional right "[i]n a civil action or
(continued...)

and Alaska Civil Rule 68[9] on grounds that they apply only to proceedings in court. This order was adopted by the Commission as the final agency order on attorney's fees.

Ace appealed the attorney's fees order to the superior court, which affirmed the order. The superior court held that Ace had not prevailed on a constitutional claim and had not alleged any civil rights claim under 42 U.S.C. § 1983 that could implicate federal attorney's fees provisions. Ace now appeals to this court.

## III.   STANDARDS OF REVIEW

"When the superior court acts as an intermediate court of appeal in an administrative matter, we independently review and directly scrutinize the merits of the [administrative] decision."[10] "We apply the reasonable basis standard of review to questions of law involving agency expertise, and the substitution of judgment standard to questions outside the agency's expertise."[11] Because AS 18.80.130(e) contains a broad grant of discretion to the Commission for determining when a grant of attorney's fees "is appropriate," we review the Commission's exercise of discretion under the statute to

---

[8](...continued)
appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska."

[9]      Alaska Civil Rule 68 governs an award of attorney's fees made on the basis of an offer of judgment more favorable to the offeree than "the judgment finally rendered by the court."

[10]      *Patrick v. Municipality of Anchorage, Anchorage Transp. Comm'n*, 305 P.3d 292, 297 (Alaska 2013) (alteration in original) (quoting *Kingik v. State, Dep't of Admin., Div. of Ret. & Benefits*, 239 P.3d 1243, 1247-48 (Alaska 2010)) (internal quotation marks omitted).

[11]      *Pyramid Printing Co. v. Alaska State Comm'n for Human Rights*, 153 P.3d 994, 998 (Alaska 2007).

determine whether it had a reasonable basis.[12] As for whether an award of attorney's fees to Ace was required by any of the statutes on which Ace relies, we substitute our judgment for that of the Commission.[13]

## IV.    DISCUSSION

### A.    Alaska Statute 18.80.130(e) Governs Fee Awards In Proceedings Before The Alaska State Commission For Human Rights.

Awards of attorney's fees in Commission proceedings are governed by AS 18.80.130(e), which provides that "[t]he commission may order payment of reasonable expenses, including reasonable attorney fees[,] to any private party before the commission when the commission, in its discretion, determines the allowance is appropriate." The Commission has circumscribed its discretionary authority through a regulation that allows fee awards *against complainants* in two categories of actions: "an action not authorized by the executive director that was frivolous, unreasonable, or groundless, or . . . an action authorized by the executive director . . . based upon

---

[12]    *Romann v. State, Dep't of Transp. & Pub. Facilities*, 991 P.2d 186, 192-93 (Alaska 1999) ("Alaska law provides DOT with broad discretion to conduct public auctions of airport property.  We thus review DOT's actions under the deferential 'reasonable basis' standard." (footnote omitted)).

[13]    *Grimmett v. Univ. of Alaska*, 303 P.3d 482, 487 (Alaska 2013) ("The substitution of judgment standard . . . applies where the agency's expertise provides little guidance to the court or where the case concerns statutory interpretation or other analysis of legal relationships about which courts have specialized knowledge and expertise." (quoting *N. Alaska Envtl. Ctr. v. State, Dep't of Natural Res.*, 2 P.3d 629, 633 (Alaska 2000)) (internal quotation marks omitted)).

information furnished in bad faith."[14] There is no regulatory provision for awards against the Commission.

The action in this case was brought by the executive director, and Ace did not allege that the information on which it was based was furnished in bad faith. Ace did deny that Schaub said the derogatory statements Wass attributed to him, but, by recommending dismissal of the case on other grounds, the administrative law judge did not have to decide whether the statements had been made. Absent any finding of "improper conduct" on Wass's part, the administrative law judge determined there was no basis in 6 AAC 30.492, the governing regulation, for an award of attorney's fees.

Ace appears to argue that the regulation unduly hampers the broad exercise of discretion contemplated by AS 18.80.130(e), which ostensibly grants the Commission the broad authority to order the payment of attorney's fees to any private party. But the statute does not prohibit the Commission from exercising its discretion by adopting rules that limit fee awards to certain types of cases. The only limit we have previously recognized on this discretion is the statutory directive "in plain English. . . . that the Commission has the discretionary authority to award costs and attorney's fees only after a hearing, and not at the investigative stage of a proceeding which precedes a hearing."[15] Given the Commission's otherwise broad discretion and the absence of any finding that

---

[14]    6 AAC 30.492(b); *see also* 6 AAC 30.490 (noting that "[t]he executive director will determine what hearing expenses shall be paid by the commission," and that "[c]omplainant and respondent, at their own expense, may incur additional costs and apply for reimbursement under 6 AAC 30.492").

[15]    *Hotel & Rest. Union Local 878 v. Alaska State Comm'n for Human Rights*, 595 P.2d 653, 656 (Alaska 1979).

Wass acted improperly in filing her complaint, there was a reasonable basis for the Commission's conclusion that AS 18.80.130(e) did not require an award of fees to Ace.[16]

## B. Alaska Statute 09.60.010(c), Governing Fee Awards For Constitutional Claims Litigated In Court, Does Not Apply.

Ace also argues that it was entitled to attorney's fees under AS 09.60.010(c), which provides that "[i]n a civil action . . . concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court . . . shall award . . . full reasonable attorney fees and costs to a claimant, who . . . has prevailed in asserting the right." Ace contends that because it raised constitutional free-speech defenses to the hostile workplace claim, and because it ultimately prevailed in the administrative proceedings, AS 09.60.010(c) required that it be awarded full reasonable attorney's fees.

But the statute, by its plain language, applies only to civil actions in the state courts.[17] This case involves an administrative hearing before an agency. Moreover, Ace did not prevail on its constitutional defenses, which the administrative law judge specifically rejected as untenable under well-established principles of law.[18] Ace ultimately prevailed not because Schaub's speech was constitutionally protected but

---

[16] Ace has not briefed a direct challenge to 6 AAC 30.492 or argued that the regulation is inconsistent with its authorizing statute. Ace appears to argue only that the various attorney's fees statutes on which it relies cabined the Commission's exercise of discretion in this case.

[17] AS 09.60.010(c) ("In a *civil action* . . . concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, *the court* . . . shall award full reasonable attorney fees . . . ." (emphasis added)).

[18] *See State v. Jacob*, 214 P.3d 353, 360-61 (Alaska 2009) (holding that the prevailing party in a suit was not entitled to attorney's fees under AS 09.60.010(c) when the court did not reach the due process argument the party had raised).

because Wass was not a member of any of the groups Schaub allegedly disparaged.[19] There was no basis in AS 09.60.010(c) for an award of attorney's fees to Ace, and again there was no error in the Commission's decision on this issue.

## C. Ace Was Not Entitled To Fees Under 42 U.S.C. § 1988.

Ace also argues that its constitutional defense to the Commission's enforcement action entitled it to attorney's fees under a federal civil rights statute, 42 U.S.C. § 1988. The statute provides that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee."[20] Section 1983, in turn, imposes liability for "the deprivation of any rights, privileges, or immunities secured by the Constitution . . . in an action at law, suit in equity, or other proper proceeding for redress."

The enforcement action at issue here, brought by the Commission's executive director for alleged violations of AS 18.80.220, was not an "action or proceeding to enforce a provision of section[] . . . 1983" as required before 42 U.S.C. § 1988(b) could apply. Ace's affirmative defense did not turn it into one. And even if Ace's defensive reliance on the constitution could be charitably viewed as an attempt to enforce the federal civil rights laws, Ace did not prevail on its defense; the administrative law judge expressly rejected it, deciding the case on other grounds. Finally, since section 1988 grants the court discretion whether to award attorney's fees[21] — and, as discussed above, the Commission has exercised its discretion to limit fee awards to certain

---

[19] This ruling is not challenged on appeal.

[20] 42 U.S.C. § 1988(b) (2012).

[21] *Id.* ("[T]he court, *in its discretion*, may allow the prevailing party, other than the United States, a reasonable attorney's fee.") (emphasis added).

categories of cases not including this one — Ace would not be entitled to an award of fees under section 1988 even if the statute otherwise applied.

**D.     Ace Was Not Entitled To Fees Under 42 U.S.C. § 2000e-5(k).**

Finally, Ace asserts that it was entitled to attorney's fees as the prevailing party under 42 U.S.C. § 2000e-5(k), which provides for the discretionary award of attorney's fees to the prevailing party in an action brought by the Equal Employment Opportunity Commission (EEOC) to enforce the prohibition against employment discrimination found in Title VII of the Civil Rights Act of 1964.[22]  Ace never mentioned this statute as the basis for an award until its brief on this appeal, and "[a]s a general rule, this court will not consider an issue raised for the first time on appeal."[23]  We may nonetheless consider the issue if it is not dependent on any new or controverted facts, closely related to the appellant's trial court arguments, and could have been gleaned from the pleadings, or constitutes "plain error."[24]  Ace's reliance on this EEOC statute could not have been gleaned from the pleadings.  We therefore consider only whether the administrative law judge committed plain error by failing to apply the statute to this case.

We see no plain error.  Section 2000e-5(k) governs only the jurisdiction of the EEOC,[25] and the enforcement action in this case was brought by the Alaska State

---

[22]     42 U.S.C. § 2000e-5(k) (2012) ("In any action or proceeding . . . the court, in its discretion, may allow the prevailing party. . . a reasonable attorney's fee."); *id.* § 2000e-2 (defining unlawful employment practices for an  employer); *id.* § 2000e-4 (creating the EEOC and providing it with authority to enforce the Title VII prohibition against employment discrimination).

[23]     *State v. Nw. Constr., Inc.*, 741 P.2d 235, 239 (Alaska 1987); *Miller v. Sears*, 636 P.2d 1183, 1189 (Alaska 1981).

[24]     *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985).

[25]     *See* 42 U.S.C. § 2000e-5(a) ("The Commission is empowered, as
(continued...)

Commission for Human Rights pursuant to AS 18.80.220. As explained above, fee awards in such actions are governed by state statute, AS 18.80.130.[26] Furthermore, like 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) commits fee awards to "the court, in its discretion." Even assuming this statute applied to it, the Commission exercised its discretion to limit awards of fees to categories of cases that do not include this one. And finally, although federal civil rights law encourages attorney's fees awards to prevailing plaintiffs,[27] cases in which fees may be assessed *against* them are limited to those in which the "claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to

---

[25](...continued)
hereinafter provided, to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e-2 or 2000e-3 of this title."); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755 (1979) (noting that Congress intended to screen from the federal courts those civil rights problems "that could be settled to the satisfaction of the grievant in a 'voluntary and localized manner' "; the section gives state agencies "a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary[] resort to federal relief").

[26]     Ace contends that the United States Supreme Court, in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61-71 (1980), interpreted 42 U.S.C. § 2000e-5(k) as requiring awards of attorney's fees to prevailing parties in *state* administrative proceedings involving civil rights claims. But *New York Gaslight* only addressed whether federal courts were required to include such fees in their awards to prevailing plaintiffs who had gone through state processes before achieving relief. Since Ace was not a prevailing plaintiff, *New York Gaslight* is irrelevant.

[27]     *See, e.g.*, *Christiansburg Garment Co. v. Equal Opportunity Emp't Comm'n*, 434 U.S. 412, 422 (1978) (discussing policy reasons for encouraging fees awards to prevailing plaintiffs while limiting awards to prevailing respondents); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts.").

litigate after it clearly became so."[28] Ace's failure to raise 42 U.S.C. § 2000e-5(k) in the agency proceeding necessarily means that the administrative law judge made no findings that would support such a characterization of the Commission's position.

## V.    CONCLUSION

We AFFIRM the superior court's decision affirming the attorney's fees decision of the Commission.

---

[28]    *Christiansburg Garment Co.*, 434 U.S. at 422; *see also Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989) ("[D]istrict courts should [] award Title VII attorney's fees against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation.").